## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CRIMINAL ACTION NO. 3:98-CR-00091-TBR

UNITED STATES OF AMERICA,                                                           Plaintiff,

v.

LAWRENCE EDWARD CRAYTON, JR.,                                                 Defendant.

### MEMORANDUM OPINION AND ORDER

Lawrence Edward Crayton, Jr., a federal inmate proceeding *pro se*, asks the Court to amend the judgment against him. Crayton protests that the judgment erroneously omits citation to each statute that the jury convicted him of violating. Because Crayton is mistaken, the Motion to Correct, R. 278, is **DENIED**.

### I.

In 2000, a federal grand jury returned a three-count superseding indictment against Lawrence Edward Crayton, Jr. for conspiring, attempting, and possessing over five kilograms of cocaine with intent to distribute the same. *See* R. 89 at 1–3, 6 (Superseding Indictment). In detail, the superseding indictment read:

COUNT 1

On or about and between April 12, 1998, and April 16, 1998, . . . **LAWRENCE EDWARD CRAYTON JR.** . . . and **ANDRE STEPHAUN ALEXANDER**, did knowingly *conspire* with each other . . . to knowingly and intentionally possess with intent to distribute approximately 6 kilograms [of] cocaine, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

. . . .

### COUNT 2

On or about April 16, 1998, . . . **LAWRENCE EDWARD CRAYTON JR.** . . . and **ANDRE STEPHAUN ALEXANDER**, each aided and abetted by the other, did *attempt* to knowingly and intentionally possess with intent to distribute approximately 6 kilograms of cocaine, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

. . . .

### COUNT 3

On or about April 16, 1998, . . . **LAWRENCE EDWARD CRAYTON JR.** . . . and **ANDRE STEPHAUN ALEXANDER**, each aided and abetted by the other, did knowingly and intentionally *possess* with intent to distribute approximately 6 kilograms of cocaine, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

*Id.* at 1–3 (emphasis added).

In 2001, a jury convicted Crayton on all three counts. The resulting judgment entered against Crayton includes a column listing, for each count of conviction, the statute he violated. *See* R. 182 at 2 (Judgment). For Count 1, it lists 21 U.S.C. § 846; for Count 2, it lists 21 U.S.C. § 846 and 18 U.S.C. § 2; and for Count 3, it lists 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *Id.* Crayton points out that the columns relating to Count 1 and Count 2 do not cite 21 U.S.C. § 841(a)(1). *See* R. 278 at 2, 4 (Motion to Correct). Crayton asks the Court to correct that alleged defect. *Id.* at 4.

## II.

Upon giving appropriate notice, Federal Rule of Criminal Procedure 36 allows the Court to correct, at any time, "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. To qualify for correction, a clerical error "must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or [secretary] might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)); *see also United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). A reference to "the wrong crime in a judgment," for example, "amounts to a clerical error, correctible by the trial court or on appeal." *United States v. Finley*, 600 F. App'x 964, 967 (6th Cir. 2015) (citing Fed. R. Crim. P. 36; *United States v. Davis*, 707 F.2d 880, 884 (6th Cir. 1983); *United States v. Barnes*, 313 F.2d 325, 327–28 (6th Cir. 1963)). However, Criminal Rule 36 has been "consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *Penson*, 526 F.3d at 335 (quoting *Robinson*, 368 F.3d at 656).

## III.

Crayton maintains that the absence of a citation to 21 U.S.C. § 841(a)(1) as to Count 1 and Count 2 in the judgment "constitutes 'an error in the record arising from oversight or omission.'" R. 278 at 4 (quoting Fed. R. Crim. P. 36). He is mistaken. 21 U.S.C. § 846 makes it a crime to "attempt[] or conspire[] to commit any offense" defined in that subchapter. Here, Count 1 and Count 2 mention 21 U.S.C. § 841(a)(1), though not as the substantive offense charged. Instead, Count 1 and Count 2 identify § 841(a)(1) as

the offense Crayton "conspired" and "attempted" to commit, respectively. But it is § 846 that prohibits that conduct. In other words, Count 1 and Count 2 charge Crayton for violating § 846. By citing § 846 as the statute violated, then, the judgment is accurate. Crayton points to no error to correct.

### IV.

**IT IS HEREBY ORDERED** that Lawrence Edward Crayton, Jr.'s Motion to Correct, R. 278, is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:    Plaintiff, *pro se*
       Counsel of Record

4