UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:98-CR-91-TBR

LAWRENCE CRAYTON, JR.                                                              MOVANT

v.

UNITED STATES                                                                   RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Lawrence Crayton Jr.'s, ("Mr. Crayton"), Motion to Vacate under 28 U.S.C. § 2255, [DN 286], and the United States' Motion to Dismiss Mr. Crayton's § 2255 Motion. [DN 291.] Each party has responded to the other's motion. [DN 289; DN 293.] The time has passed for replies. These matters are now ripe for adjudication. For the reasons that follow, Mr. Crayton's motion is **DENIED.** The United States' Motion to Dismiss is hereby **DISMISSED AS MOOT.**

### I. BACKGROUND

Mr. Crayton was indicted by a federal grand jury on July 7, 1998, and charged with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, with attempting to possess cocaine with the intent to distribute, and with possessing cocaine with intent to distribute. *United States v. Crayton*, 357 F.3d 560, 563 (6th Cir. 2004). Mr. Crayton fled, but was later apprehended. *Id.* at 563-64. His first trial, held in December of 2000, ended in a mistrial, but Mr. Crayton was retried and convicted on all three counts. *Id.* at 564. Due to Mr. Crayton's prior felony convictions, he was sentenced to life imprisonment. *Id.*

Since his most recent conviction, Mr. Crayton has filed numerous motions in both the Western District of Kentucky as well as with the Sixth Circuit Court of Appeals. Mr. Crayton

1

filed his first Motion to Vacate under § 2255 in July 2005, [DN 199], which was denied in October of that year. [DN 203.] Over the next few years, Mr. Crayton filed successive Motions seeking relief or reconsideration from the denial of his § 2255 Motion, most of them under Rule 60(b)(6). [DN 206; 219; 220; 223; 235; 253.] Throughout this time period, Mr. Crayton also attempted to appeal to the Sixth Circuit Court of Appeals regarding the repeated denials of his motions.

Mr. Crayton's most recent Motion, currently before the Court, again seeks to vacate his sentence under § 2255. However, Mr. Crayton raises a new issue in support of his argument for relief: California's Proposition 47. "In November 2014, California voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act.'" *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016) (citing Cal. Penal Code § 1170.18). Proposition 47 acted to "reduce[] future convictions under § 11350(a) from a felony to a misdemeanor. Proposition 47 also permits previously-convicted defendants to petition the court for a 'recall of sentence,' which, if granted, would effectively reclassify their qualifying felonies as misdemeanors." *Id.* Under this new California law, it is "provide[d] that '[a]ny felony conviction that is recalled and resentenced…or designated as a misdemeanor…shall be considered a misdemeanor for all purposes.'" *Id.* (quoting Cal. Penal Code § 1170.18(k)). In his instant Motion, Mr. Crayton claims that his prior drug-related conviction in that State, while a felony at the time, has been retroactively downgraded to a misdemeanor by Proposition 47, and he has attached a certification from the Superior Court of California, which appears to indicate the same. [*See* DN 286-2.][1] This bears upon the issue of Mr. Crayton's sentencing, referenced above.

## II. DISCUSSION

---

[1] The document, entitled, "Minute Order," states, "Court orders information amended to allege count 02 as a misdemeanor pursuant to penal code section 1170.18 et seq. and count shall proceed as misdemeanor."

2

## A.

Mr. Crayton's Motion invokes 28 U.S.C. § 2255. "Under that statute, a federal prisoner who claims that his sentence was imposed in violation of the Constitution or laws of the United States may seek relief from the sentence by filing a motion in the sentencing court stating the facts supporting his claim." *Sanders v. United States*, 373 U.S. 1, 3 (1963). Pursuant to 28 U.S.C. § 2244(b)(3), "federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997). Thus, where an individual files in the district court a second or successive § 2255 motion without first obtaining authorization from the Court of Appeals to do so, "the district court shall transfer the document to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." *Id.* at 47.

This means that the threshold issue this Court must consider is whether Mr. Crayton's instant Motion is "second or successive." The Court finds that it is not. While the United States in its Response to Mr. Crayton's Motion argues that Mr. Crayton has raised the issue of California law before, thus making this a second or successive motion requiring Court of Appeals certification, this is not the case. While Mr. Crayton has referenced California law and how newly enacted State laws there might affect his sentence,[2] he has not addressed Proposition 47, which was not in existence at the time of Mr. Crayton's last § 2255 Motion to Vacate, and any claim Mr. Crayton may have under this law was not yet ripe.

As the Supreme Court noted in *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007), "[t]he phrase 'second or successive' is not self-defining." There, the Court refused to require prisoners to file unripe *Ford* claims," providing that the Court was "hesitant to construe a statute,

---

[2] Mr. Crayton has mentioned in previous motions, [*see, e.g.,* DN 235], "Proposition 36," a California law codified at Cal. Penal Code § 1210.1, which promotes drug treatment instead of jail time. He contended that this law made his prior felony conviction in California "non-qualifying" for purposes of sentence enhancement under § 841.

3

implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party." *Id.* at 946-47. Thus, even though this is certainly not Mr. Crayton's first § 2255 motion, that does not necessarily mean it is "second or successive," therefore requiring a transfer to the Sixth Circuit Court of Appeals. *See Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010) ("Although Congress did not define the phrase 'second or successive,' as used to modify 'habeus corpus application under section 2254,' §§ 2244(b)(1)-(2), it is well settled that the phrase does not simply refer to all § 2254 applications filed second or successively in time.") *See also Petaway v. United States*, 104 F. Supp. 3d 855, 857 (N.D. Ohio 2015) ("a prisoner may file a second § 2255 motion without the court of appeals's permission where an event transpired after the initial petition was filed…which caused a previously unripe claim to mature factually."). Due to the fact that Mr. Crayton's "claim was not ripe and exhausted until [he] returned to federal court with the instant petition. It should therefore be treated as a continuation of [his] earlier, undoubtedly reviewable, application for federal habeus relief." *In re Salem*, 631 F.3d 809, 813 (6th Cir. 2011). In light of these decisions, this Court is satisfied that Mr. Crayton's § 2255 motion is one capable of resolution by a district court.

**B.**

The impetus of Mr. Crayton's current Motion before this Court relates to the sentence enhancement to which he was subjected after his conviction outlined above. Due to Mr. Crayton's prior felony convictions, 21 U.S.C. § 841 mandated that Mr. Crayton be given a life sentence of imprisonment. And because Mr. Crayton now contends that his prior felony conviction in California has been downgraded to a misdemeanor, he argues that the life sentence he is currently serving now violates the Constitution. 21 U.S.C. § 841 "imposes a mandatory life

sentence if a defendant 'commits [a violation of § 841] after two or more prior convictions for a felony drug offense have become final.'" *Diaz*, 838 F.3d at 972 (quoting U.S.C. § 841(b)(1)(A)). "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Mr. Crayton's primary contention is that, because one of the felonies used to enhance his sentence under § 841 has apparently been downgraded to a misdemeanor, it is no longer a valid predicate felony offense and a life sentence has been unjustly imposed against him. After a thorough review of recent decisions construing Proposition 47 in cases that are strikingly similar to Mr. Crayton's case, this Court holds that the purported downgrade of Mr. Crayton's conviction in California has no bearing on § 841, and the sentence enhancement to which Mr. Crayton was subjected was and remains appropriately applied to him.

## C.

The Sixth Circuit Court of Appeals has not had occasion to address this relatively new issue pertaining to Proposition 47, and the only District Court case from this circuit to touch on the new California law found that the movant's prior conviction was not affected by it and, thus, did not examine the law's effect at length. *See Lotierzo v. United States*, No. 1:16-cv-732, 2017 WL 3205761 (W.D. Mich. Jul. 28, 2017). The most comprehensive analysis concerning Proposition 47's retroactive effect on individuals who had their sentences enhanced through § 841 is found in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016).

The Ninth Circuit Court of Appeals in *Diaz*, sitting in California, the state affected by Proposition 47, went into great detail concerning the effects the new law has, and does not have, with respect to federal prisoners sentenced under § 841. As the *Diaz* Court noted, "[f]ederal law,

5

not state law, governs [the Court's] interpretation of federal statutes." *Id.* at 972 (citing *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111-12 (1983) ("noting that consulting federal law to determine the meaning of convicted 'makes for desirable national uniformity unaffected by varying state laws, procedures, and definitions'"), *holding superseded by statute, as stated in Logan v. United States*, 552 U.S. 23 (2007). This comports with the approach taken by the Fifth Circuit as well. *See United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir. 1997) ("[W]e are not bound by [state law's] treatment of a felony conviction when we apply the federal sentence-enhancement provisions."). With this in mind, the *Diaz* Court "appl[ied] federal law, not California law, to determine the effect of California's reclassification on [the defendant's] federal sentence enhancement under § 841." *Diaz*, 838 F.3d at 972. In *United States v. Eleby*, 670 F. App'x 600, 601 (2016), the Ninth Circuit ruled the same way, explaining that "§ 841 allows a sentencing enhancement if a defendant's prior conviction meets certain requirements. The Supreme Court has held that courts should only look to the prior conviction, *without considering subsequent amendments to law*, when determining if a sentence should be affirmed." (citing *McNeill v. United States*, 563 U.S. 816, 820 (2011)) (emphasis added).

Additionally, the Sixth Circuit *has* discussed the effect of State-approved expungements of prior felonies on subsequent sentence enhancements under § 841. *See United States v. Pritchett*, 749 F.3d 417 (6th Cir. 2014). There, the defendant had previously pled guilty to felony possession of methamphetamine and, once he completed his probation term, the State of Tennessee issued an Order of Expungement and Dismissal. *Id.* at 423. When he was convicted of another methamphetamine-related felony thereafter, he challenged the trial court's use of his expunged conviction for purposes of enhancing his sentence. *Id.* The Sixth Circuit Court of Appeals specifically noted that "[w]hether something is a prior conviction for purposes of § 841

6

is governed by federal law rather than state law," and although state-specific laws can "be looked to for informational purposes…, [the Court] is not bound by its treatment of a felony conviction when we apply the federal sentence-enhancement provisions." *Id.* at 424 (internal quotation marks and citations omitted). Further, the *Pritchett* Court placed great emphasis on the need to avoid "disrupt[ing] uniformity in federal sentencing and frustrat[ing] the purpose of the sentence enhancement under section 841(b)(1)(B) – to punish and deter recidivism." *Id.* at 426 (internal quotation marks omitted).

With this in mind, the Court rejects Mr. Crayton's contention that the reclassification of one of his previous convictions to a misdemeanor requires vacating his sentence. It is plain that, at the time of Mr. Crayton's underlying conviction, he was properly sentenced under § 841. And a State's subsequent alteration or change in what constitutes a felony or misdemeanor conviction "after it has become final, does not alter the historical fact of the prior state conviction becoming final—which is what § 841 requires." *Eleby*, 670 F. App'x at 601 (internal citations omitted). Moreover, "[a]s noted above, [Mr. Crayton's] conviction was a felony at the time he committed the violation of 21 U.S.C. § 841," and due to the fact that "§ 841's sentencing enhancement applies when a defendant commits a violation of the statute after a prior felony conviction has become final," Mr. Crayton was and remains properly sentenced under § 841.

The Court believes that the case law requires this result. Consequently, the Court reaches the decision to deny Mr. Crayton's Motion. However, the Court has some reservations. At issue is a state law that was a felony at the time of Mr. Crayton's conviction, but now is a misdemeanor. The consequences for Mr. Crayton are more than significant. Mr. Crayton now has a life sentence, and yet if the prior conviction had been a misdemeanor at the time of his

conviction in this case, it could have been a significantly reduced sentence. This bothers the Court. However, the Court feels compelled to reach the decision it did.

## IV. CONCLUSION

For the reasons stated herein, it is hereby ordered that Mr. Crayton's Motion to Vacate pursuant to 28 U.S.C. § 2255, [DN 286], is **DENIED.** It is further ordered that the United States' Motion to Dismiss, [DN 291], is **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**

cc:  Lawrence Crayton Jr., # 12043-112, *Pro se* Movant
McKean Federal Correctional Institution
Inmate Mail/Parcels, P.O. BOX 8000
Bradford, PA 16701